*In re* AURORA RON MENÉNDEZ.

*Número:* TS-10,105     *Resuelto:* 22 de noviembre de 2000

*Carmen H. Carlos, Directora de la Ofiicna de Inspección de Notarías*, en informe; *Aurora Ron Menéndez, pro se.*

PER CURIAM: El 23 de febrero de 2000 la Directora de la Oficina de Inspección de Notarías nos presentó un informe sobre la obra notarial incautada a la Lcda. Aurora Ron Menéndez.[1] En dicho informe se nos indicó:

> ... no se trata de una obra notarial voluminosa por protocolo año, sin embargo, las normas referentes al acto de la autorización tales como estampar el sello, rúbrica y firma del notario; la ordenación propiamente del protocolo; la obligación de determinar a quién se expide copia certificada; la obligación de cumplir con las normas del acta de protocolización; y la autorización de testamentos sin cumplir con todas las solemnidades de la ley, son algunas de las faltas sustantivas y propiamente de forma que caracterizan el ejercicio de esta función notarial en este

---

[1] El 12 de noviembre de 1999 emitimos una resolución en la cual expresamos lo siguiente:

"En vista del cumplimiento de la querellada con nuestras Resoluciones, en reconsideración, se deja sin efecto la suspensión indefinida de la abogacía de la Lcda. Aurora Ron Menéndez decretada mediante Opinión Per Curiam y Sentencia de 24 de agosto de 1999. La Directora de la Oficina de Inspección de Notarías rendirá un informe dentro de los próximos treinta (30) días sobre la obra notarial de la Lcda. Ron Menéndez." Resolución de 12 de noviembre de 1999.

caso. De igual forma el Registro de Testimonios adolece de señalamientos que ponen en entredicho la certeza de los testimonios autorizados por esta notario. En general, su desempeño no es el de un profesional del derecho autorizado a dar fe pública como lo exige y define nuestro ordenamiento para el notario. Moción informativa sobre estado de la obra notarial incautada, pág. 2.

Se expresó también en el informe que, además, de "las numerosas y serias deficiencias halladas con relación a la autorización y redacción de los instrumentos públicos conforme a la Ley Notarial y su Reglamento, la deuda en sellos de rentas internas asciende a un total de $3,071.00 y $33.00 en sellos de impuesto notarial". Íd., pág. 1.

El 17 de marzo de 2000 le concedimos a la licenciada Ron Menéndez sesenta (60) días para que, en coordinación con el Inspector de Protocolos, Lcdo. Ahmed F. Mangual Figueroa, procediera a subsanar las deficiencias arancelarias, así como todas las demás deficiencias señaladas en el Informe de la Directora de la Oficina de Inspección de Notarías. Dentro de dicho término también debía mostrar causa por la cual no debía ser suspendida del ejercicio de la abogacía por razón de las serias deficiencias señaladas en el informe.

Luego de la concesión de dos (2) prórrogas,([2]) la licenciada Ron Menéndez compareció mediante una moción en cumplimiento parcial con la orden del Honorable Tribunal.([3]) En atención a dicha moción le concedimos *un término improrrogable* de diez (10) días para que se personase a la Oficina de Inspección de Notarías y concertara la correspondiente cita con el Inspector de Protocolos licenciado Mangual Figueroa, para el fiel cumplimiento de nuestra Resolución de 17 de marzo de 2000. *Se le apercibió*

---

([2]) En cada una de estas prórrogas se le apercibió de que el incumplimiento podría conllevar sanciones disciplinarias.

([3]) En esta moción la licenciada Ron Menéndez incluyó su reacción a otras dos (2) quejas, una de las cuales tiene el Núm. CP-2000-7 y se encuentra ante la atención del Comisionado Especial Hon. Flavio Cumpiano, ex Juez Superior.

*"de su inmediata suspensión del ejercicio de la profesión de abogado, sin más citarle ni oírle, en caso de seguir incumpliendo la misma injustificadamente como hasta el presente"*. Íd.

El 19 de octubre la licenciada Ron Menéndez presentó una moción titulada Moción Informativa Urgente, en la cual nos indicó que había concertado una cita con el licenciado Mangual Figueroa para el lunes 23 de octubre. El 20 de octubre emitimos una resolución, en la que le indicamos a la licenciada Ron Menéndez que debía informarnos el resultado de la reunión *"antes del 27 de octubre de 2000"*. Nuevamente la apercibimos de que su incumplimiento podría conllevar sanciones disciplinarias.

A pesar de lo explícita que fue nuestra Resolución de 20 de octubre, de las muchas oportunidades que se le han brindado a la licenciada Ron Menéndez para que cumpla con nuestros requerimientos y de las múltiples veces que le hemos apercibido de que su incumplimiento podría conllevar sanciones disciplinarias, incluyendo la suspensión del ejercicio de la abogacía, ésta *no ha comparecido para informar los resultados de la reunión que tuvo con el licenciado Mangual Figueroa, o sea, ha incumplido con nuestra Resolución de 20 de octubre de 2000*.(⁴)

En reiteradas ocasiones hemos expresado que es el deber de los abogados y notarios obedecer nuestras órdenes y cooperar con las investigaciones disciplinarias. *In re Santiago Méndez*, 151 D.P.R. 568 (2000); *In re García Tamayo*, 150 D.P.R. 154 (2000); *In re Vega Romero*, 149 D.P.R. 108 (1999). El incumplimiento con lo antes expuesto puede conllevar su suspensión indefinida del ejercicio de la profesión de abogado.

A la licenciada Ron Menéndez se le han ofrecido múltiples oportunidades para cumplir con las órdenes de este

---

(⁴) Véase fax enviado por el Inspector de Notarías, licenciado Mangual Figueroa en el que aparece la licenciada Ron Menéndez firmando la copia de la Resolución de 20 de octubre como indicativo de que asistió a la reunión.

542

Tribunal. Su falta de diligencia resulta patente. Por todo lo antes expuesto, se suspende indefinidamente a la Lcda. Aurora Ron Menéndez del ejercicio de la profesión de abogado y hasta que otra cosa disponga este Tribunal.

El Tribunal le impone a ésta el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Ron Menéndez deberá certificarnos en treinta (30) días el cumplimiento de estos deberes, notificando también al Procurador General.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Rivera Pérez se inhibió.